UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL DARRON BURNSIDE,
    Plaintiff,

v.                                                    Case No.: 3:24cv00289/LAC/ZCB

ARAMARK CORPORATION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's second amended complaint. (Doc. 12). Because Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*, the Court must screen the second amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of

1

prisoner complaints"). Having reviewed the second amended complaint, dismissal is warranted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I.  Background

Plaintiff names as Defendants Aramark Corporation, which administers food service in Florida Department of Corrections (FDOC) institutions, as well as the prison's Food Service Director, Adam Sutton. (Doc. 12 at 2-3). Plaintiff alleges an "on-going issue" of Defendant Aramark "allowing moldy trays to be served . . . . at breakfast, lunch, and dinner from 'January through May.'" (*Id.* at 5). Plaintiff alleges the allegedly moldy trays are a "health hazard" that resulted in Plaintiff "and multiple individuals" testing positive for a "nasty bacteria." (*Id.*).

---

[1] The Court previously gave Plaintiff an opportunity to amend after explaining deficiencies in his prior pleadings. (Docs. 5, 10). Nonetheless, Plaintiff's second amended complaint still fails to state a claim upon which relief could be granted. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

Plaintiff further alleges Defendant Sutton is "fully aware" of the moldy trays but has "failed to do anything to fix the situation." (*Id.* at 6). Plaintiff alleges Defendant Sutton is also "causing a security hazard" by "refusing to give official (sic) the flap due to being force to (sic) receive [his] meal." (*Id.*). Plaintiff further alleges Defendant Aramark has failed to adequately train its employee, Defendant Sutton. (*Id.* at 7).

Plaintiff alleges the allegedly moldy trays violate his Eighth Amendment right to be free of cruel and unusual punishment, and he also alleges a Fourteenth Amendment due process violation. (*Id.* at 8). As relief, Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at 8, 10-11).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

### III. Discussion

### A. Plaintiff has not plausibly alleged an Eighth Amendment claim.

*1. Plaintiff's allegations involving moldy trays*

The Court previously advised Plaintiff that his allegations failed to plausibly allege an Eighth Amendment claim. (*See* Doc. 5 at 5-6). Yet the allegations in his second amended complaint remain largely unchanged in key respects from his initial complaint.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The cruel and unusual standard is judged against "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). For instance, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

5

Here, Plaintiff's second amended complaint does not provide sufficient factual detail to state a plausible Eighth Amendment claim against Defendants for their alleged involvement in the kitchen serving moldy trays. At most, Plaintiff's complaint contains conclusory allegations that Defendant Sutton knowingly allowed "moldy" trays to be served from January to May. But these allegations fail to plausibly state an Eighth Amendment cruel and unusual punishment claim. *See Stallworth v. Wilkins*, 802 F. App'x 435, 444 (11th Cir. 2020) (finding that prisoner failed to "state a claim that receiving food on moldy meal trays violated the Eighth Amendment"); *see also Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (holding that inmate failed to state Eighth Amendment claim based on allegations that he was served "moldy raisins and rancid peanut butter"). Therefore, Plaintiff has not stated a plausible Eighth Amendment cruel and unusual punishment claim.

2. *Plaintiff's failure to train allegations*

Failure to train claims are analyzed under the Eighth Amendment deliberate indifference standard. *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994). Thus, a plaintiff alleging "a failure to train

6

must demonstrate that the supervisor had actual or constructive notice that a particular omission in [his or her] training program causes his or her employees to violate citizens' constitutional rights, and . . . armed with that knowledge[,] the supervisor chose to retain that training program." *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1052 (11th Cir. 2014) (cleaned up).  Actual or constructive notice can be shown "when the need for more or different training is obvious," *Belcher*, 30 F.3d at 1398 (, or by "a history of abuse that put the supervisor on notice." *Thomas v. Poveda*, 518 F. App'x 614, 618 (11th Cir. 2013); *see also Jackson v. Corizon Health*, No. 20-14737, 2022 WL 303288, at *18-19 (11th Cir. Feb. 2, 2022) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.").

    Here, Plaintiff has not plausibly alleged a failure to train claim against Defendant Aramark.  That is so because Plaintiff has not plausibly alleged that Defendant Aramark Services had actual or constructive knowledge of the alleged violations committed by its employees.  Instead, Plaintiff has simply alleged in conclusory fashion

7

that: "Defendant Aramark Corporation was and is involved….and is legally responsible for the overall operation of the Food Service Department….and of the Food Service Director (failed to adequately train their employee)." (Doc. 12 at 7). Additionally, Plaintiff has not satisfactorily alleged a historical pattern of abuse that put Defendant Aramark Services on notice of the problems. Moreover, Plaintiff has not plausibly alleged that the "need for more or different training is obvious," with respect to serving the allegedly moldy trays in the correctional institution. *See Belcher*, 30 F.3d at 1398. What's more, Plaintiff has not plausibly alleged "any training program, let alone one that was inadequate." *See Walker*, 2022 WL 16701953, at \*5 (dismissing a failure to train claim when the plaintiff wholly failed to allege the existence of a training program). Plaintiff's amended complaint also fails to explain how "better training" would have prevented the allegedly moldy trays from being served at the institution. In short, Plaintiff's amended complaint has not plausibly alleged a failure to train claim against Defendant Aramark Services.

### B. Plaintiff has not plausibly alleged a Fourteenth Amendment Due Process claim.

The Court previously advised Plaintiff that his allegations failed to plausibly allege a Fourteenth Amendment claim. (*See* Doc. 5 at 7-8). Yet, again, the allegations in his second amended complaint remain largely unchanged in all key respects from his initial complaint.

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a violation of due process, a prisoner must allege that there was (1) "a deprivation of a constitutionally-protected liberty or property interest"; (2) "state action"; and (3) "constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). Due process is implicated when either "a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or . . . when the government has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit imposes atypical and significant

9

hardship" relative to ordinary prison life. *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007).

Here, Plaintiff includes almost no factual detail to support his assertion that he has been deprived of due process. It is wholly unclear if Plaintiff's due process claim is related or unrelated to his allegations of receiving trays with moldy food. And again, standing alone, Plaintiff's conclusory allegations fail to plausibly allege a claim for relief. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Asad v. Bush*, 170 F. App'x 668, 672 (11th Cir. 2006) (affirming dismissal of an inmate's due process claim because his "bare assertions" were insufficient to state a claim).

## IV.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's second amended complaint (Doc. 12) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 7th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.